# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-122V
UNPUBLISHED

| | |
|---|---|
| JANE REININGER,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: April 21, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Brian L. Cinelli, Marcus & Cinelli, LLP, Williamsville, NY,* for petitioner.

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

On January 24, 2019, Jane Reininger filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on September 23, 2016. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 13, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On April 17, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $122,500.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $122,500.00 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JANE REININGER, | ) |
| Petitioner, | ) No. 19-122V   ECF |
| v. | ) Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| Respondent. | ) |

## PROFFER ON AWARD OF COMPENSATION[1]

**I.   Procedural History**

On January 24, 2019, Jane Reininger ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. She alleges that, as a result of receiving the influenza ("flu") vaccine on September 23, 2016, she suffered from a right shoulder injury related to vaccine administration ("SIRVA"). *See* Petition. On January 9, 2020, respondent filed his Vaccine Rule 4(c) report, conceding a Table injury for SIRVA. On January 13, 2020, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for SIRVA.

**II.   Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$122,500.00** for pain and suffering damages. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

### III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$122,500.00**, in the form of a check payable to petitioner.[2] Petitioner agrees.

                                            Respectfully submitted,

                                            JOSEPH H. HUNT
                                            Assistant Attorney General

                                            C. SALVATORE D'ALESSIO
                                            Acting Director
                                            Torts Branch, Civil Division

                                            CATHARINE E. REEVES
                                            Deputy Director
                                            Torts Branch, Civil Division

                                            GABRIELLE M. FIELDING
                                            Assistant Director
                                            Torts Branch, Civil Division

                                            */s/Darryl R. Wishard*
                                            DARRYL R. WISHARD
                                            Senior Trial Attorney
                                            Torts Branch, Civil Division
                                            U. S. Department of Justice
                                            P.O. Box l46, Benjamin Franklin Station
                                            Washington, D.C.  20044-0146
                                            Direct dial: (202) 616-4357

Dated:  April 17, 2020                  Fax: (202) 616-4310

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.